DARIUS CHARLES *vs.* ANDREW H. PORTER & another.

All matters, which, by the Rev. Sts. *c* 116, § 8, may be pleaded in bar of a complain. for flowing land by means of a mill dam, are conclusively settled against the respondent, by a verdict, found in favor of the complainant, on an issue tried at the bar of the court ; and the respondent cannot give any of those matters in evidence to a sheriff's jury, empannelled to appraise the damage sustained by the complainant.

By the Rev. Sts. *c.* 116, the question, whether a complainant has sustained damage from the flowing of his land by a mill dam, cannot be tried by a jury at the bar of the court but is open to the sheriff's jury who view the land.

THIS was a complaint, which alleged that the respondents flowed the complainant's land in Brimfield, by means of a mill dam erected and continued by them across Quinebog River, "for the purpose of working a factory and water-works." The respondents pleaded the general issue, (not guilty,) and filed the following specification of defence : "That they, and those under whom they claim, have had peaceable possession and occupation of said factory, water-works and dam, more than twenty years previous to the date of said complaint." This issue was joined, and the jury, that tried it in the court of common pleas, in the county of Hampden, returned a verdict, that the respondents were guilty, in manner and

form, &c.   A warrant was thereupon issued by said court to the sheriff.of said county, commanding him to summon and empannel a jury, pursuant to the prayer of said complaint, to appraise the yearly damage done to the complainant by means of the said flowing of his land, for three years next preceding the institution of said complaint ; and also to ascertain and determine what sum in gross would be a just and reasonable compensation for all damages to be thereafter occasioned by the use of said dam, and for the right of maintaining and using it forever.   At the hearing before a jury summoned and empannelled pursuant to said warrant, " the respondents offered to prove that no damage had accrued to the complainant, in consequence of any dam or additions to any dam made by the respondents or those under whom they claim, within twenty years before the date of the complaint.   They further offered to prove that their dam was built in 1821, and had remained unchanged ever since that time, with a view to the influence of these facts on the question of damages generally, and also with a view to show that no act had been done by the respondents, or those under whom they claim, since that time, which had occasioned any damage to the complainant's land.   The respondents also requested the sheriff to instruct the jury to find whether any damage had been done to the complainant's land in consequence of any additions to the respondents' dam, or any alterations made thereon, or any dam erected by the respondents, or those under whom they claim, since the 1st of January 1823 — that period being twenty years before the date of the complaint ; and if any damages were so assessed, then to assess the same according to the provisions of the statute.   The evidence aforesaid was rejected, and the sheriff refused to give to the jury the instructions aforesaid, but instructed them that the right to maintain this suit had been previously settled ; and directed them to find what damage, if any, was done to the complainant's land, within three years — it being a question of damages merely ; that it had already been settled, by the previous proceedings in the case, that the damage, if any, was occasioned

by the respondents' dam ; and if the jury should be of opinion that no damage at all was sustained, they should return their verdict accordingly. These rulings and instructions were excepted to by the respondents, at the time of the trial, and the exceptions were allowed by the sheriff."

The jury returned a verdict for the complainant, for $30 damages sustained by him within three years next preceding the filing of his complaint, and down to the time of the empannelling of the jury, and appraised the future damages at $2·50 per annum. They also found that $40 (in gross) would be a just and reasonable compensation to the complainant for all damages to be thereafter occasioned by the use of said dam as heretofore, and for the right of forever maintaining and so using it. The court of common pleas accepted said verdict, and rendered judgment thereon for the complainant. From that judgment the respondents appealed to this court.

*R. A. Chapman,* for the respondents.

*H. Morris,* for the complainant.

Shaw, C. J. The court are of opinion that the directions of the sheriff were perfectly correct. Whatever tends to show that the complainant cannot maintain his suit, whether it may be matter of law or fact, (except that the complainant has sustained no damage,) must be put in issue and tried before the court, before a warrant for a sheriff's jury is awarded. Formerly, a practice had grown up for a respondent to plead in bar that the complainant had sustained no damage. But as this brought the question of damage before the first jury, to be tried by evidence, which could be more effectually and satisfactorily tried, upon a view, by the sheriff's jury, it is provided by the Rev. Sts. *c.* 116, § 8, that the respondent shall not plead, in bar of the complaint, that the land therein described is not injured by the dam ; but, by § 16, if the sheriff's jury find that the complainant is not entitled to recover any damages, they shall return their verdict accordingly ; and this will warrant a judgment for the respondent. See the commissioners' note to their report of *c.* 116, § 8.

It appears by the bill of exceptions, that the evidence

offered by the respondents, and rejected, was to matter in bar, which was precluded by the previous verdict. But the jury were rightly instructed, that if the complainant, in their opinion, had sustained no damage, they should return their verdict accordingly.

*Exceptions overruled.*